UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARTIN DOE, as litigation guardian for his minor child AF DOE, and MARTIN DOE and KATHRYN DOE, husband and wife and the marital community comprised thereof, as the natural parents of AF DOE, a minor child, | NO. CV-11-0033-EFS NO. CV-11-0147-EFS |

**ORDER GRANTING JOINT
MOTION TO CONSOLIDATE**

Plaintiffs,

v.

COLVILLE SCHOOL DISTRICT #115, a
local governmental entity, KEN
EMMIL, Superintendent of Colville
School District #115, and CLAYTON
ALLEN, Fort Colville Middle School
Principal,

Defendants.

GREETUS DOE, as litigation
guardian for her minor child JB
DOE, WASHINGTON TRUST BANK, as
trustee for any funds received by
JB DOE,

Plaintiffs,

v.

COLVILLE SCHOOL DISTRICT #115, a
local governmental entity, KEN
EMMIL, Superintendent of Colville
School District #115, and CLAYTON
ALLEN, Fort Colville Middle School
Principal,

Defendants.

ORDER ~ 1

Before the Court, without oral argument, is the parties' Joint Motion to Consolidate. CV-11-0033-EFS, ECF No. 6. Plaintiffs Martin and Kathryn Doe, individually and on behalf of their minor son, AF, brought suit against Colville School District ("District"), Superintendent Ken Emmil, and Principal Clayton Allen, arising out of the sexual abuse of AF by former District employee Craig Figley. *Martin Doe, et al. v. Colville Sch. Dist. No. 115, et al.*, CV-11-0033-EFS. Plaintiff Greetus Doe, individually and on behalf of her minor son, JB, also brought suit against the District, Mr. Emmil, and Mr. Allen, alleging that Mr. Figley sexually abused JB. *Greetus Doe, et al. v. Colville Sch. Dist. No. 115, et al.*, CV-11-0147-EFS. The parties in both lawsuits ask the Court to consolidate the cases.

Under Federal Rule of Civil Procedure 42(a), this Court may consolidate cases that involve common questions of law or fact. Such circumstances exist here. Plaintiffs in both lawsuits have brought the same causes of action based upon the same set of common facts: the alleged sexual abuse of two students by a school psychologist formerly employed by the District. Aside from the damages alleged, the facts, issues, and law applicable to both cases are nearly identical.

This Court has broad discretion to consolidate under Rule 42(a) in the interests of judicial economy and convenience. *Pierce v. Cnty. of Orange,* 526 F.3d 1190, 1203 (9th Cir. 2008) (citing *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)). With those principles in mind, the Court consolidates these cases for all future proceedings.

Accordingly, **IT IS HEREBY ORDERED:**

ORDER ~ 2

1.   The parties' Joint Motion to Consolidate, **CV-11-0033-EFS, ECF No. 6**, is **GRANTED.**

2.   **All future pleadings shall be filed under Case Number CV-11-0033-EFS,** unless the Court later directs otherwise.   All pending deadlines and hearing dates shall be stricken as to Case Number **CV-11-0147-EFS**, which shall be administratively closed.

3.   A telephonic scheduling conference is **SET** for **August 11, 2011, at 10:10 a.m.**   The parties shall use the information in the Notice Setting Court's Scheduling Conference, CV-11-0033-EFS, ECF No. 5, to access the call and comply with all meet-and-confer and joint report requirements set forth therein.

4.   **Per Federal Rule of Civil Procedure 26(d)(1), discovery will follow the issuance of a scheduling order in this consolidated case.**

**IT IS SO ORDERED.**   The District Court Executive is directed to enter this Order provide copies to counsel.

**DATED** this _____23rd_____ day of May 2011.


_____
S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2011\33.consolidate.wpd

ORDER ~ 3